IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JAN 28 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARK W. COLLMER, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. ~~H-99-2785~~ |
| U.S. LIQUIDS, INC., MICHAEL P. LAWLOR, W. GREGORY ORR, AND EARL J. BLACKWELL, | § § § § | 99-3068 |
| Defendants | § | |

| | | |
|---|---|---|
| ESTHER SUTCH AND MILO SPRUNGER, On Behalf of Themselves and All Others Similarly Situated, | § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-99-2831 |
| U.S. LIQUIDS, INC., MICHAEL P. LAWLOR, W. GREGORY ORR, AND EARL J. BLACKWELL, | § § § § | |
| Defendants | § | |

| | | |
|---|---|---|
| JERRY A MERCURE, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-99-3015 |
| U.S. LIQUIDS, INC., MICHAEL P. LAWLOR, W. GREGORY ORR, AND EARL J. BLACKWELL, | § § § § § | |
| Defendants | § | |



37

| | | |
|---|---|---|
| GERARD ANDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>VS.<br><br>U.S. LIQUIDS, INC., MICHAEL P. LAWLOR, W. GREGORY ORR, AND EARL J. BLACKWELL,<br><br>   Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. H-99-3036 |
| MICHAEL MILLER, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>VS.<br><br>U.S. LIQUIDS, INC., MICHAEL P. LAWLOR, W. GREGORY ORR, AND EARL J. BLACKWELL,<br><br>   Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. H-99-3148 |
| GURBIR THIND, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>VS.<br><br>U.S. LIQUIDS, INC., MICHAEL P. LAWLOR, W. GREGORY ORR, AND EARL J. BLACKWELL,<br><br>   Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO. H-99-3796 |

```
BENN CARMICIA, On Behalf of        §
Himself and All Others Similarly   §
Situated,                          §
                                   §
VS.                                §    CIVIL ACTION NO. H-99-3068
                                   §
U.S. LIQUIDS, INC., MICHAEL P.     §
LAWLOR, W. GREGORY ORR, EARL J.    §
BLACKWELL, GARY J. VAN ROOYAN,     §
WILLIAM A. ROTHROCK, IV, ALFRED    §
TYLER, II, JAMES F. MCENEANEY,     §
JR., JOHN N. HATSOPOULOS, AND      §
ROBERT A. RAMSEY,                  §
                                   §
          Defendants               §
```

## ORDER OF CONSOLIDATION

Pending before the Court in H-CV-99-3068 ("Carmicia") is Defendants U.S. Liquids, Inc.,[1] Michael P. Lawlor, W. Gregory Orr, Earl J. Blackwell, Gary J. Van Rooyan, William A. Rothrock, IV, Alfred Tyler, II, James F. McEneaney, Jr., John N. Hatsopoulos, and Roger A. Ramsey's motion to consolidate the shareholder's derivative suit against them into the related consolidated shareholder securities fraud action, H-99-2785 ("Collmer), referenced above.

Defendants note that Collmer is a shareholder class action against U.S. Liquids, Inc. ("USL") and certain of its officers, allegedly in violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 240.106-5, and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). Carmicia is a shareholder derivative suit against the

---

[1] One of the United States' largest providers of liquid waste management services.

same officers and USL directors, with USL as a nominal defendant. Defendants argue that it involves some of the same legal issues as Collmer and that it alleges that the officers breached their fiduciary duties by causing USL to violate these same provisions of federal securities laws, i.e., thus providing overlapping issues of law. The Court observes that since Defendants filed their motion, a number of other related suits in the Southern District of Texas have been consolidated into Collmer, thus eliminating one of Carmicia's reasons why Carmicia should not be consolidated with Collmer.

Defendants contend that Collmer and Carmicia arise out of the same series of events. A Detroit waste treatment plant purchased by USL's wholly owned subsidiary, USL City Environmental, was closed on May 12, 1998 because of anonymous complaints that before and since the purchase, the plant's waste processing was in violation of state and federal environmental laws and regulations. USL, the EPA, and the FBI are now investigating these allegations. Collmer and Carmicia assert that USL management participated in a scheme to inflate stock prices through improper disposal of waste at the Detroit plant and that various Defendants knew or should have known about it and negligently failed to discover these illegal actions, that USL made a number of public statements that constitute material misrepresentations under federal securities law, that the failure to disclose these alleged illegal acts at the Detroit facility was a misleading omission under the federal securities laws, and that Defendants' conduct violated various

-4-

duties to USL's shareholders. Defendants contend that consolidation is therefore appropriate because the suits involve consideration of similar facts and issues. Discovery in both actions will probably involve the same documents and depositions of the same witnesses.

Defendants further maintain that consolidation will not prejudice Carmicia because both are relatively new suits at the same stage of litigation with no discovery having occurred. The Court can retain flexibility to treat the cases independently when necessary to protect the interests of the parties.

Federal Rule of Civil Procedure 42(a) provides, "Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the court; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Thus the Rule, whose purpose is granting the court discretion to manage its docket efficiently while providing justice to the parties, allows the court to order consolidation and a single trial of different cases on the court's docket or of issues within those cases where the cases share common questions of law or fact. <u>Wilson v. Johns-Manville Sales Corp.</u>, 107 F.R.D. 250, 252 (S.D. Tex. 1985). Federal district courts have very broad discretion in determining whether to consolidate actions. <u>Frazier v. Garrison I.S.D.</u>, 980 F.2d 1514, 1532 (5th Cir. 1993), <u>citing</u> 9 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and</u>

Procedure § 2383 (1971). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97 (1933). This precept remains in force, even after the adoption of Rule 42(a). In Excel Corp., 106 F.3d 1197, 1201 (5th Cir. 1997), cert. denied, 522 U.S. 859 (1997). The court should use consolidation to expedite trial and eliminate unnecessary repetition and confusion. Morrison v. Amway Corp., 186 F.R.D. 401 (S.D. Tex. 1998), citing Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1975).

Plaintiff Benn Carmicia, emphasizing the difference between a derivative action and a securities fraud suit, highlights the point that despite the same underlying facts, the two suits are based on different law, distinct causes of action, require a different standard of proof, and seek a different remedy. Because of the different law applicable, he argues against consolidation and insists that Defendants' motivation here is a "poorly masked" attempt to stay discovery in his suit,[2] which is governed by state law, in contrast to the federal law governing the securities fraud cases.

Finally, should the Court order consolidation, Carmicia

---

[2] Specifically Carmicia is concerned about the stay of discovery during the pendency of a motion to dismiss under the Private Securities Litigation Reform Act.

requests the Court to permit discovery to go forward in the derivative shareholders action.

In reply, Defendants note that Rule 42(a) is written in the disjunctive, requiring only a common question of law or of fact. Carmicia has conceded that the two suits rest on the same factual underpinnings. Defendants further insist that both suits must address the same legal questions arising out of the alleged securities fraud. Not every theory of recovery or cause of action need be identical. Rule 42(a)("When actions involving a common question or law or fact . . ."); In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1988). Defendants further point out regarding claimed prejudice that there is already a stay of discovery in Carmicia. Thus a stay in the securities fraud litigation would not injury Carmicia.

After reviewing the pleadings in both cases and the applicable law, this Court agrees with Defendants in H-99-CV-3068 that consolidation is appropriate here to avoid unnecessary repetition and confusion, prevent waste of judicial resources, and save the time and expense that would be wasted in excessive duplication. Such a purpose may necessitate some delay in the derivative action, but in light of the overwhelming expense of duplicating much discovery, the Court finds that it may warrant a reasonable stay.

Accordingly, the Court

ORDERS that Defendants' motion is GRANTED and that H-99-CV-3068 is hereby CONSOLIDATED into the above referenced action,

with the lead case number being H-99-CV-2785.

**SIGNED** at Houston, Texas, this 26th day of January, 2000.

                                                MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE

ClibPDF - www.fastio.com